IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COREY LAMONDE JAMES, | : |
| v | :          Civil Action No.: CCB-12-3483 |
| VOICE FOR INMATES | : |

. . .o0o . . .
## MEMORANDUM

On November 5, 2012, the above captioned case was filed by plaintiff pro se pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff is asserting a claim against Voice for Inmates for violating its contractual relationship with him regarding the provision of cell phone service and Facebook access. Plaintiff indicates he contacted the Better Business Bureau in an effort to resolve his complaint against defendant. He seeks $69.99 in damages. *Id*.

To successfully assert a claim of a constitutional rights violation, plaintiff must name a defendant who is a state actor. The defendant named in this case is not a state official nor does the conduct described by plaintiff have the imprimatur of official conduct.

In limited circumstances, however, seemingly private conduct can be the subject of a §1983 suit. "[W]e have recognized four exclusive circumstances under which a private party can be deemed to be a state actor: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999) (quoting *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993). None of the acts or conduct alleged by

plaintiff in his complaint fall within these four categories of conduct. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Id.* The civil rights claims plaintiff asserts against the defendant in the instant case must, therefore, be dismissed.

To the extent plaintiff wishes to bring his state law claim for breach of contract in this court, the complaint is likewise subject to dismissal. Under 28 U.S.C. §1332 a civil action may be maintained in this court if the amount in controversy exceeds the sum or value of $75,000 and the parties in the action are citizens of different States. Plaintiff seeks $69.99 in damages and there is no indication where defendant is incorporated. Without reaching the merits of the contract claim, this court will, by separate order, dismiss the complaint without prejudice. Plaintiff will then be permitted, if he so desires, to assert this claim in the appropriate state forum.[1]

___December 13, 2012_____                _____/s/_____
Date                                       Catherine C. Blake
                                           United States District Judge

---

1  It appears that plaintiff may have intended to file his claim in Maryland's state District Court, but he instead addressed his claim to the federal District Court.